Spear, J.
The ground of error alleged in the circuit court was that the common pleas erred in proceeding to trial without the intervention of a jury.
To sustain the judgment of the common pleas, it must appear, either that a jury was waived, or that the issues were such that the cause could of right be tried by the court without a jury.
Section 5130, Revised Statutes, provides that' “issues of fact arising in actions for the recovery of money only, * * * shall be tried by a jury, unless a jury trial be waived,” etc. And, by section 5204, it is provided that, in actions arising on contract, trial by juiy may be waived, (1) by consent of the party appealing, when the other party fails to appear, (2) by written consent filed with the clerk, or (3) by oral consent in open court, entered on the journal.
It is insisted by counsel for plaintiff in error that the record shows affirmatively, there was a waiver of a jury trial, while opposite counsel contend that the journal entry not only fails to show there was a waiver, but does affirmatively show that a jury was not waived.
The, language of the entry is that “ neither party demanded or waived the intervention of a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel.” There is apparent verbal contradiction in the entry, and the question is, what, taken as a whole, does the language import? Upon the whole case made, was there a waiver, or not? Attention is called to the case of Slocum v. Swan, 4 Ohio St. 161, as settling the question in this case. Plaintiff’s action was in ejectment. A plea of “not guilty” had been interposed. When the case was reached, the defendant *377 came not, although, called, and the court rendered judgment for plaintiff without a jury, and, apparently, without proof. The statute then in force provided that “when the parties to such action shall agree to waive the intervention of a jury, and to submit the case to the court, it shall be the duty of such court to try and determine the facts," etc. Under such a statute, and upon such a record, this court held that the issue made could not be tried by the court without a waiver by the parties of a jury trial; that there was no such waiver, and reversed the judgment. The real question was hardly germain to our case. It was whether or not the absence of the defendant amounted to a waiver. The holding on that question can not materially aid in the solution of the question here presented, much less settle it.
We have examined the other cases cited by defendant’s counsel, but do not find them applicable to the present facts.
As already observed, the statute indicates several methods of showing waiver. Where the parties are present, (as in this case), there must be consent, and, if it be oral, it must be given in open court, and entered on the journal. When this sufficiently appears, there is, in law, a waiver. Does not just that thing appear here? We think it does. The parties were present. Without objection they “submitted the cause to the court upon the pleadings, evidence and arguments of counsel.” This means a trial’ of the cause. It means, also, that the parties consented to go forward and try the cause to the court, and their acts, in this regard, were entered on the journal.
To submit a cause to a court is an. affirmative act. It is to ask the court to hear the evidence, consider it, and apply the law. What more potent “consent” could be given than this? A jury was not demanded because, in all probability, the counsel and the court alike regarded it as a court, and not a jury, case. True, the entry says that neither party waived a jury. This language, in the light of the entire entry, naturally means, we think, and should be held to mean no more than that no waiver was made in *378 words. And it is true that none was so made, but actions sometimes speak louder than words.
It was not until after the court had found and adjudged against the defendant that he discovered he had been prejudiced by not having his cause tried to a jury. His objection to the mode of trial, we think, comes too late. To sustain his claim would seem to be trifling with justice. He proceeded to trial, without objection, to a court having jurisdiction of the parties, and capable of being clothed with jurisdiction of the subject matter for all purposes, taking his chance of a favorable result, and can not, now that the chance has turned against him, be heard to question the authority of the tribunal to which he consented to submit his cause. He must be held to have waived his right to a jury trial, if he had such right. Nicholson v. Pim, 5 Ohio St., 25; Ellithrope v. Buck, 17 Ohio St., 72; Arvillest. Verner, 22 Ohio St., 872; Millers. Longrave, 26 Ohio St., 298; Culver v. Rodgers, 33 Ohio St., 537.
We think it was not error for the trial court to assume jurisdiction and try the issues. And as this holding disposes of the case, it is not important to consider whether, as a matter of law, either party had the right, under the pleadings, to demand a juiy.

The judgment of the circuit court will be reversed, and that of the common pleas affirmed.